IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS MARTIN, | ) |
|     Petitioner, | ) ) ) |
| v. | ) )   No. CIV-24-636-D |
| DAVID RODGERS,<br>J.H.C.C. Warden, | ) ) ) ) |
|     Respondent. | ) |

**REPORT & RECOMMENDATION**

Dennis Martin, a state prisoner proceeding pro se, petitions for habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] Chief United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Because "it plainly appears from the petition . . . that [P]etitioner is not entitled to relief in the district court," the undersigned recommends its summary dismissal without prejudice to refiling. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules).[2]

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] The court may apply 28 U.S.C. § 2254 rules to a § 2241 petition. *See* Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

I.    **Screening obligation.**

Rule 4 requires this Court to review habeas petitions and promptly dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." And this Court must dismiss an action sua sponte if it determines that it lacks jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Section 2244(b) requires that before this Court may consider a second or successive § 2254 habeas petition, Petitioner "shall move in the [Tenth Circuit] for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). This statutory requirement is jurisdictional. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive [ ] 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

II.   **Procedural history and Petitioner's claim.**

In 1985, Petitioner pleaded guilty to first-degree murder in Sequoyah County District Court and was sentenced to life in the custody of the Oklahoma Department of Corrections. *State v. Martin*, No. CRF-1984-00169,

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=sequoyah&number=CRF-1984-00169&cmid=5041553 (last visited July 19, 2024).[3]

Petitioner now challenges that conviction under *McGirt v. Oklahoma*, 591 U.S. 894 (2020). Doc. 1. In *McGirt*, the Supreme Court held that the Creek Reservation remained "Indian country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153(a), which dictates that "[o]nly the federal government, not the State, may prosecute Indians for major crimes committed in Indian country." *McGirt*, 591 U.S. at 898-99, 932.

### III. Petitioner fails to state a cognizable claim under § 2241.

Petitioner requests relief through a § 2241 petition. Doc. 1. "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted). Because Petitioner challenges the validity of his conviction under *McGirt*, not how his sentence is being carried out "§ 2241 is not the appropriate vehicle for relief." *Martin v.*

---

[3] The undersigned takes judicial notice of the docket report in Petitioner's state-court proceeding. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

*Bear*, 683 F. App'x 729, 730 (10th Cir. 2017).[4] Petitioner is warned that continued abuse of the writ may result in filing restrictions or other similar sanctions.

## IV.  Recommendation and notice of right to object.

Because Petitioner fails to state a cognizable claim under 28 U.S.C. § 2241, the undersigned recommends dismissal of his petition for habeas relief. Doc. 1.[5]

---

[4]  Petitioner has attempted to use § 2241 to challenge his conviction on the same ground on more than one action. *Martin v. Oklahoma*, No. CIV-18-95-D, 2018 WL 1621044 (W.D. Okla. Apr. 4, 2018) (dismissing action because "Petitioner fail[ed] to state a claim upon which relief can be granted under § 2241" and finding "his pleading should not be recast as a § 2254 petition"); *Martin v. Bear*, No. CIV-17-1300-D, 2018 WL 549071 (W.D. Okla. Jan. 9, 2018) (recommending dismissal because "Petitioner fail[ed] to state a cognizable claim under" § 2241 where he claimed "the state court lacked jurisdiction over that Indian, the alleged unknown victim was Indian, crime alleged was committed on Indian land in Indian country, inside an Indian reservation"), *adopted*, 2018 WL 547646 (W.D. Okla. Jan. 24, 2018). And he has also unsuccessfully challenged his conviction on others grounds. *E.g.*, *Martin v. Bear*, No. CIV-16-1170-D, 2016 WL 7324149, at *1 (W.D. Okla. Nov. 30, 2016) (finding none of Petitioner's claims were cognizable under 28 U.S.C. § 2241), *adopted*, No. CIV-16-1170-D, 2016 WL 7335678 (W.D. Okla. Dec. 15, 2016).

[5]  Petitioner seeks a "Motion for Order Bringing Parties Before the Court Without Delay." Doc. 6. He alleges "[t]he clerk, Chief Judge and Magistrate of this case HAVE violated the 800 year Habeas CORPUS 'rules'/laws in delaying the MANDATE to grant Habeas and bring ALL parties before the Court FOR A HEARING as the founding fathers intended AS the ONLY way to protect a petitioners life and NO rules or 28 U.S.C. )( 636 that violate the 5th. And 1st. And 9th. Amendment Common Law rights can be applied UNTIL 28 U.S.C. )( 2241 and 1651 are FIRST complied with." Doc. 6. He "MOVES this Habeas Court to order ALL parties to be brought before this Court WITH all their

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court on or before August 28, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 7th day of August, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

witnesses, documents and evidence FOR AN IMMEDIATE hearing, or order the petitioners IMMEDIATE release from custody by respondents LIKE McGirt was." *Id.* He asks for this hearing to be held by July 4, 2024. The undersigned recommends denial of Petitioner's motion for order as moot.