## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-636-D |
| | ) |
| DAVID ROGERS, | ) |
| J.H.C.C. Warden, | ) |
| | ) |
| Respondent. | ) |

### ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 8] (the "R&R") issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Judge Mitchell finds that the Petition should be summarily dismissed without prejudice because Petitioner fails to state a cognizable claim under § 2241 and his pleading should not be recast as a § 2254 petition.

Within the time period to object, Petitioner made a *pro se* filing, entitled "Motion to Over Rule Magistrate Appeal His Illegal Order & Findings" [Doc. No. 9], which is construed as a timely objection. Thus, the Court must make a *de novo* determination of the portions of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his Objection, Petitioner appears to argue that the Court has violated numerous laws and that he, in turn, should be immediately released from custody. But Petitioner

presents no persuasive argument or authority that would cause this Court to reject Judge Mitchell's conclusions. Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court finds no viable basis to permit this habeas case to proceed under § 2241. Further, taking judicial notice of pertinent case files and records, the Court notes that Petitioner has previously attempted to obtain release from state custody by seeking relief under § 2241 on multiple occasions. *See Martin v. Okla.*, No. CIV-18-95-D, 2018 WL 1621044 (W.D. Okla. Apr. 4, 2018); *Martin v. Bear*, No. CIV-17-1300-D, 2018 WL 549071 (W.D. Okla. Jan. 9, 2018), adopted, 2018 WL 547646 (W.D. Okla. Jan. 24, 2018). And, as Judge Mitchell further notes, he has also unsuccessfully challenged his conviction on other grounds. *See, e.g.*, *Martin v. Bear*, No. CIV-16-1170-D, 2016 WL 7324149, at *1 (W.D. Okla. Nov. 30, 2016), adopted, No. CIV-16-1170-D, 2016 WL 7335678 (W.D. Okla. Dec. 15, 2016).

For these reasons, the Court fully concurs with Judge Mitchell's findings that the Petition fails to state a claim cognizable under § 2241 and her recommendation for dismissal of the Petition without prejudice to a future action seeking an appropriate remedy.

**IT IS THEREFORE ORDERED** that the R&R [Doc. No. 8] is **ADOPTED** in its entirety. The Petition is **DISMISSED** without prejudice.[1] A separate judgment of dismissal shall be entered accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA")

---

[1] Petitioner's pending motions [Doc. Nos. 6, 10] are **DENIED** as moot.

when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 9th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge